UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MCELVAIN

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No.  2:15-cv-0880-KJN PS

ORDER

Plaintiff Steven McElvain, proceeding without counsel, seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner"), denying a waiver of recovery of an overpayment of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  After the administrative record of the proceedings below was filed in this court, plaintiff filed a motion for summary judgment.  (ECF No. 11.)  The Commissioner opposed that motion and filed a cross-motion for summary judgment.  (ECF No. 16.)  No optional reply brief was filed.  After carefully considering the parties' written briefing, the record, and the applicable law, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

1   as a whole supports it.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

2   evidence is more than a mere scintilla, but less than a preponderance.  <u>Connett v. Barnhart</u>, 340

3   F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

4   mind might accept as adequate to support a conclusion."  <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th

5   Cir. 2007), quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

6   responsible for determining credibility…and resolving ambiguities."  <u>Edlund v. Massanari</u>, 253

7   F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion

8   when the evidence is susceptible to more than one rational interpretation."  <u>Tommasetti v. Astrue</u>,

9   533 F.3d 1035, 1038 (9th Cir. 2008).

10        Plaintiff, a registered nurse, began receiving DIB as of May 2009.  (AT 13, 40, 42, 179.)

11   Around July 2010, plaintiff returned to work, but nonetheless continued receiving DIB until

12   February 2013.  (AT 29, 38, 142.)  On March 5, 2013, the Commissioner issued a notice

13   informing plaintiff that he was overpaid DIB in the amount of $32,478.00 from August 2011

14   through February 2013, due to his earnings having exceeded substantial gainful activity levels

15   during that period.  (AT 13, 25-28, 29-31.)  Plaintiff's earnings records confirm that his income

16   during that period was generally between $4,000.00 and $7,000.00 per month, and far exceeded

17   substantial gainful activity levels.  (AT 28.)  After a March 18, 2014 hearing, an administrative

18   law judge ("ALJ") issued a decision dated May 1, 2014, holding that plaintiff was overpaid DIB

19   in the amount of $32,478.00 during the period from August 2011 through February 2013; that

20   plaintiff was at fault in causing the overpayment; and that recovery of the overpayment was not

21   waived.  (AT 13-16, 171-90.)  Subsequently, on November 28, 2014, the Appeals Council denied

22   plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

23   (AT 5-7.)

24        On appeal before this court, plaintiff does not dispute the fact that an overpayment was

25   made, nor does he challenge the Commissioner's computation of the amount of that overpayment.

26   Instead, plaintiff contends that the ALJ erred in concluding that recovery of the overpayment

27   should not be waived under applicable law.  For the reasons discussed below, that argument is

28   unpersuasive.

"In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person *who is without fault* if such adjustment or recovery would defeat the purpose of [Title II of the Act] or would be against equity and good conscience." 42 U.S.C. § 404(b)(1) (emphasis added); see also 20 C.F.R. § 404.506(a). Even though the Commissioner "may have been at fault in making the overpayment, that fact does not relieve the overpaid individual…from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507. In determining whether an individual is "without fault," the Commissioner "shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)." 42 U.S.C. § 404(b)(2); see also 20 C.F.R. § 404.507 (directing the Commissioner to consider "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations"). An overpaid individual may be deemed at fault if he or she accepted a payment which he or she "either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507. "The overpaid individual bears the burden of proving that he was without fault." McCarthy v. Apfel, 221 F.3d 1119, 1126 (9th Cir. 2000).

In this case, it is undisputed that the Commissioner was at fault in making the overpayment. In fact, the Commissioner effectively concedes that plaintiff notified the Commissioner of his return to work and accurately reported his earnings, but that the Commissioner erroneously continued to pay plaintiff DIB until February 2013. The pertinent question is whether plaintiff himself had any fault with respect to the overpayment.

Here, the ALJ reasonably found that plaintiff was not without fault, because he accepted payments that he either knew, or at a minimum, could have been expected to know, were incorrect. As the ALJ noted, in March 2011, and again in January 2012, plaintiff was sent the pamphlet regarding work-related eligibility issues, "Working While Disabled - How We Can Help." (AT 15, 118, 146.) Although the pamphlet generally indicates that income should be reported to the Commissioner for review of eligibility, which plaintiff undisputedly did, the pamphlet also makes clear that benefits should stop if a claimant makes more than a certain

1    amount per month; for example, $1,130.00 in 2016.  See https://www.ssa.gov/pubs/EN-05-

2    10095.pdf.  Additionally, in a letter dated February 9, 2012, the Commissioner again outlined the

3    amount of monthly earnings considered to be substantial work, ranging from $980.00 in 2009 to

4    $1,010.00 in 2012.  (AT 69-72.)  Given that plaintiff's earnings during the relevant period

5    generally ranged from $4,000 to $7,000 per month, plaintiff, a well-educated registered nurse

6    with no pertinent mental, cognitive, educational, or linguistic limitations, knew or should have

7    known that he was not entitled to DIB during that time.  (AT 15.)

8           Indeed, as the ALJ observed, plaintiff's own actions suggested that plaintiff understood

9    the effect of his work activity on his eligibility for DIB.  (AT 15.)  In a December 5, 2011 note,

10   plaintiff stated: "I have been working full time since 2010.  Please, if I am no longer eligible for

11   SSDI, please stop the benefits."  (AT 142.)  Shortly thereafter, in a December 14, 2011 telephone

12   call with plaintiff, it was noted that plaintiff had undergone successful heart surgery and had

13   returned to work: "He is working full-time and understands that his benefits should stop as he is

14   well over SGA [substantial gainful activity].  In fact, he wants the benefits to stop.  He also

15   alleged returning the Medicare card as he is fully insured by his employer."  (AT 17.)  Thereafter,

16   in a February 3, 2012 work activity report, plaintiff again requested that disability benefits be

17   ceased, because he had returned to work full time and "no longer need[ed]" the benefits.  (AT

18   130.)  Nevertheless, plaintiff continued to accept DIB benefits until February 2013 instead of

19   returning them.  See Manitsas v. Astrue, 2012 WL 2503267, at *5 (N.D. Cal. Jun. 28, 2012)

20   (unpublished) ("The fact that Manitsas accepted the payments despite her awareness that she was

21   no longer due benefits substantially supports the ALJ's conclusion that she was not 'without

22   fault' for the overpayment of benefits.").[1]

23

24   _____

     [1] As the ALJ acknowledged, on March 16, 2012, the Commissioner notified plaintiff that he was
25   no longer entitled to DIB for July 2011 because of substantial work, but then incorrectly stated
     that plaintiff was again entitled to DIB for months beginning in August 2011 "because you are no
26   longer doing substantial work."  (AT 15, 18.)  However, that letter could not have reasonably
     misled plaintiff, because it was based on an erroneous assumption (that plaintiff was no longer
27   performing substantial work) that should have been obvious to plaintiff.  Instead of informing the
     Commissioner of the error, plaintiff continued to accept the DIB checks.  As such, the March 16,
28   2012 letter does not materially affect the determination that plaintiff was not without fault.

1       To be sure, the court is not unsympathetic to plaintiff's frustration with the

2   Commissioner's failure to have ceased payment of DIB when plaintiff accurately reported his

3   return to work and earnings.  As noted above, there is no question that the Commissioner was at

4   fault.  That said, under applicable law, the inquiry for purposes of whether recovery should be

5   waived is focused not on the Commissioner's fault, but on whether *plaintiff himself* had any fault

6   with respect to the overpayment.  Because substantial evidence supports the ALJ's finding that

7   plaintiff accepted payments that he either knew, or at a minimum, could have been expected to

8   know, were incorrect, the ALJ reasonably found that plaintiff was not without fault.[2]

9       In sum, the court finds that the ALJ's decision was free from prejudicial legal error and

10  supported by substantial evidence in the record as a whole.  Accordingly, IT IS HEREBY

11  ORDERED that:

12      1.    Plaintiff's motion for summary judgment (ECF No. 11) is DENIED.

13      2.    The Commissioner's cross-motion for summary judgment (ECF No. 16) is

14  GRANTED.

15      3.    The final decision of the Commissioner of Social Security is AFFIRMED, and

16  judgment is entered for the Commissioner.

17      4.    The Clerk of Court shall close this case.

18      IT IS SO ORDERED.

19  Dated:  July 22, 2016

20

21  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

22

23  _____

24  [2] In the alternative, the Commissioner argues that, even assuming that plaintiff was without fault,
    waiver of recovery would not be permitted, because: (1) plaintiff has the ability to repay the
    overpayment based on his declared income and expenses, and recovery would not defeat the

25  purposes of Title II of the Act; and (2) recovery would not be against equity and good conscience,
    given that the record does not show that plaintiff changed his position for the worse or

26  relinquished a valuable right in reliance on the overpayment.  (AT 41, 50-51.)  See 42 U.S.C. §

27  404(b)(1); 20 C.F.R. § 404.506(a).  However, in light of the court's conclusion that substantial
    evidence supports the ALJ's determination that plaintiff was not without fault in causing the

28  overpayment, the court declines to reach those alternative arguments.